EMMA D. FRAZIER, Respondent, v. WABASH RAILROAD
COMPANY, Appellant.

Kansas City Court of Appeals, May 2, 1898.

1. **Railroads**: KILLING STOCK AT PUBLIC CROSSING: NEGLIGENCE: CON-
TRIBUTORY NEGLIGENCE: EVIDENCE. The evidence in this case is
sufficient to go to the jury on the question of negligence and the mat-
ter of contributory negligence is primarily a question for the jury and
will not be taken from them except in clear cases where men of ordi-
nary judgment would not differ.

2. ————: ————: EVIDENCE: SPEED OF TRAIN. In an action for kill-
ing stock where the complaint is based on a failure to give the statu-
tory signals it is proper to allow evidence in regard to the speed of
the train as it may bear on the negligence of the plaintiff.

*Appeal from the Clay Circuit Court.*—HON. E. J.
BROADDUS, Judge.

AFFIRMED.

GEO. S. GROVER and D. C. ALLEN for appellant.

(1) Plaintiff's evidence, at its conclusion, showed
that the negligence of her agent—Frank Frazier—
contributed to the injury in such degree as precludes
recovery—was, in fact, the direct cause of the injury.
Mr. Frazier acted carelessly—nay, recklessly. Banks v.
R. R., 40 Mo. App. 458; Frauenthal v. Gaslight Co.,
67 Mo. App. 1; Boyd v. Springfield, 62 Mo. App. 456;
Drake v. R. R., 51 Mo. App. 562; McFarland v. R. R.,
125 Mo. 253. (2) Respondent's own evidence is
plainly at war with the physical facts surrounding Mr.
Frazier at the time of the injury. Payne v. R. R.,
136 Mo. 562, 579, and cases cited.

GILL, J.—This action was brought before a justice of the peace, and is to recover the value of a mare killed by one of defendant's trains at the crossing of a county road near Harlem in Clay county. Three trials have been had—one before the justice and two in the circuit court—in all of which plaintiff was successful, and defendant appealed.

Reversal is asked mainly on the ground that the trial court erred in overruling a demurrer to the evidence. An examination of the record fails to sustain this contention on defendant's part. The negligence set out in plaintiff's complaint is, that the defendant's employees failed, when approaching the crossing, to ring the bell or sound the whistle as the statute provides; and to sustain this charge there was abundant evidence. But it is insisted that, at all events, plaintiff's husband, who had charge of the mare at the time, was himself guilty of negligence which directly contributed to the injury done.

RAILROADS: killing stock at public crossing: negligence: contributory negligence: evidence.

In determining this question the plaintiff is entitled to the full force of every fact which the testimony of her witnesses tended to prove. Such evidence tended to establish about this state of facts. In the forenoon of November 24, 1895, plaintiff's husband was on his way to Kansas City with a full load of cord wood, coming in from Clay county. He drove a two horse wagon behind which was fastened the mare in question which he was bringing over to the city to have shod. At the place where the damage occurred a county road crosses, at right angles, several railroad tracks running nearly east and west. The south track was that of the defendant. These roadbeds were graded up above the surrounding swampy lands, so that the county road approached the crossing by a

sloping driveway for teams. As Frazier drove his loaded wagon south towards the Wabash tracks, he stopped north of and very close to the latter (not more than fifteen to twenty feet); took the lines in his hands, looked and listened for trains, and, failing to hear or see any, proceeded onward. Just, however, as he got upon the defendant's tracks, he saw coming from the eastern direction a train running, as he thought at about or something faster than the usual speed. Frazier whipped up his horses, but was unable to escape entirely. The wagon and team cleared the track, but the locomotive struck the hind parts of the mare which was being led behind the wagon and killed her. A short distance east of the crossing (the direction from which the train came) the defendant's tracks curve to the southeast; and plaintiff's evidence tended to prove that, because of this, as well as the presence along the right of way of a thick underbrush of willows and young cottonwood, Frazier was unable to see a train approaching from that direction until so near that he could not entirely escape. This was particularly true on this occasion when the train was being run very rapidly.

Under this state of facts, now, which plaintiff's evidence tends to prove, we are unwilling to declare, *as matter of law*, that Frazier at the time was guilty of negligence. He was bound of course to exercise the care and caution of an ordinarily prudent man; and if he failed in this and the damage thereby resulted, plaintiff could not recover, even though defendant's servants were negligent in the manner charged. A great variety of these cases find their way into the courts, and many opinions have been announced and published—some of which are cited by defendant's counsel. But in all of them the question at last is, admitting the negligence of the railroad company, has the claimant for damages

notwithstanding been himself negligent in the matter, conducted himself as an ordinarily prudent man would under similar circumstances. This, primarily, is a question for the determination of the jury trying the case; and the court is not authorized to take that issue from the jury except in clear cases where men of ordinary judgment would not differ.

We can see no error in the court's permitting witnesses to testify as to the speed of the train when it approached the crossing. It is true that the complaint was based on a negligent failure to ring the bell or sound the whistle, and it is also well settled that a plaintiff can not complain of one particular negligent act and then recover on one different; yet in this case it was proper to advise the jury of all the facts and circumstances surrounding the transaction, so that they might determine the question of Frazier's care or negligence—whether by ordinary care he could have escaped injury to his team, etc. The speed of the train was, it seems, a proper element in the decision of that question.

Other minor points suggested in defendant's brief have been considered and found without merit. Every substantial issue was submitted by instructions entirely fair to defendant. The court indeed gave all defendant's instructions save only the peremptory direction to find a verdict in its favor. Judgment affirmed. All concur.